Harpell *v.* Irwin.

---

JOHN HARPELL *v.* JAMES IRWIN.

Where the plaintiff calls the defendant as a witness to sustain the complaint, and the defendant, upon cross examination in his own behalf, proves a counter claim set up in the answer; the plaintiff may be examined on his own behalf, to disprove such counter claim. (See Code, §§ 390, 395.) (*a*)

---

(*a*) By § 398 of the Code, "No person offered as a witness, shall be excluded by reason of his interest in the event of the action." Before the amendment of April 13, 1857 (Session Laws of 1857, vol. 1, chap. 353, p. 744), § 399 provided that § 398 should "not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended." The amendment referred to, in remodelling § 399, omits the restrictive words last quoted, and enacts that a party "may be examined as a witness on his own behalf," upon the preliminary service of a notice, etc. The language of the sections construed in the decision of this case, respecting the right of a party to examine his adversary as a witness, remains unchanged.—REP.

ACTION in the Fourth District Court upon a money demand. The answer set up a counter claim for goods sold to the plaintiff. The court below having given judgment for a balance of account against the defendant, the plaintiff appealed; and the question to be determined was, whether the justice erred in excluding the plaintiff's testimony, when offered under the circumstances detailed in the opinion.

*David J. Chatfield*, for the plaintiff.

*Abraham D. Russel*, for the defendant.

BY THE COURT. INGRAHAM, FIRST J.—This case is submitted without points. The notice of appeal states the cause of appeal to be, 1, That the judgment is erroneous; 2, That the court erred in excluding the plaintiff from testifying in his own behalf; 3, That the judgment for the defendant was without evidence. Upon the trial the plaintiff called the defendant as a witness to prove the plaintiff's claim, and the defendant admitted its correctness. On cross examination by his own counsel he stated that he had been in the habit of selling the plaintiff goods; that in September, 1852, his claim against the plaintiff amounted to a sum stated; that the plaintiff purchased the goods, upon the sale of which the defendant's counter claim arose, and they were delivered to the plaintiff.

The plaintiff then offered himself to contradict the defendant's testimony on cross examination. He was excluded, and the justice gave judgment for the defendant for the balance of his claim after deducting the plaintiff's bill.

There can be no doubt that the justice was correct in his decision upon the facts as proven before him. The claims of plaintiff and defendant were proven by the defendant alone, and if he was to be credited as to one he could not be disbelieved as to the other when his testimony was uncontradicted.

The only question then is, whether the justice was correct in excluding the plaintiff's testimony. The 390th section of the Code allows a party to call his adversary as a witness, and under the

395th section such adversary may then be examined on his own behalf. If he testify to new matter not responsive to the inquiry put on the direct examination, or necessary to explain that testimony, or to discharge when his answers charge himself, the adverse party may be a witness.

Here the defendant was called to prove the plaintiff's claim, and after doing so he testified to a claim due from the plaintiff to him to double the amount of the plaintiff's. This was clearly new matter, not responsive to the inquiries put by the plaintiff, or necessary to explain or qualify his previous answers. Nor would it come within the clause "necessary to discharge when his answers would charge himself." (§ 395.) That clause refers to the statement of facts showing that the claim he proves had been discharged. Such, for example, would be the case if, after proving a claim, he should testify to payment, or a release, or any other matter showing a discharge of the claim so proven.

But when the party sets up a counter claim as a defence, and when called as a witness on cross examination proves such counter claim, the plaintiff then has a right to testify as to such counter claim. (2 Sand. S. C. R. 399.)

More especially so when, as in this case, the defendant asks for a judgment against the plaintiff upon such counter claim.

The justice erred in excluding the plaintiff from testifying, and the judgment must be reversed.

Judgment reversed.